## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Jessica Marie Burke fka Jessica Marie Sapolnick | CHAPTER 13 |
| Debtor(s) | |
| | |
| U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V | NO. 19-15020 PMM |
| Movant | |
| vs. | |
| Jessica Marie Burke fka Jessica Marie Sapolnick | 11 U.S.C. Section 362 |
| Debtor(s) | |
| Adam L. Burke | |
| Co-Debtor | |
| Scott F. Waterman | |
| Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearages referenced in Movant's[1] motion have been cured, and Debtor(s) is/are current on post-petition loan payments through June 2022.

2.      Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due June 1, 2022 in the amount of $1,377.18.

3.      In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

---

[1] A new Transfer of Claim is being filed after this Motion for Relief was filed, so the current Movant is now U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V

5.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default

with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6.      If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

7.      The provisions of this stipulation do not constitute a waiver by the Movant of its

right to seek reimbursement of any amounts not included in this stipulation, including fees and costs,

due under the terms of the vehicle and applicable law.


Date:   June 13, 2022

                                                    /s/ Rebecca A. Solarz, Esquire
                                                    Rebecca A. Solarz, Esquire
                                                    Attorney for Movant


Date: 6/23/2022                                     /s/ David W. Tidd, Esquire
                                                    David W. Tidd, Esq.
                                                    Attorney for Debtor(s)


Date: 6/24/22                                       Scott F. Waterman, Esq.
                                                    Chapter 13 Trustee



Approved by the Court this 27th day of    June            , 2022.  However, the court
retains discretion regarding entry of any further order.



                                                    Bankruptcy Judge
                                                    Patricia M. Mayer Judge